# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **JAMES B. KYNES and** | : | |
| **CHE C. KYNES,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:12-CV-4477-TWT-AJB** |
| **v.** | : | |
| | : | |
| **PNC MORTGAGE, PNC** | : | |
| **BANK, NATIONAL CITY** | : | |
| **MORTGAGE, MORTGAGE** | : | |
| **ELECTRONIC REGISTRATION** | : | |
| **SYSTEMS, INC., and** | : | |
| **MCCURDY & CANDLER, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>FINAL REPORT AND RECOMMENDATION</u>

Before the Court are motions to dismiss by Defendants McCurdy & Candler, LLC ("McCurdy"), [Doc. 4], and Mortgage Electronic Registration Systems ("MERS"), [Doc. 10], and a motion to dismiss, or, in the alternative, motion for summary judgment, by PNC Bank, N.A. ("PNC"), [Doc. 13]. For the reasons discussed below, the undersigned **RECOMMENDS** that McCurdy and MERS' motions to dismiss be **GRANTED**; PNC's motion to dismiss or in the alternative for summary judgment be **GRANTED**; and that Plaintiffs' complaint be **DISMISSED WITH PREJUDICE**.

## I.     Background

This case involves claims related to the foreclosure of residential property located at 4472 S. Springwood Drive SW, Smyrna, Georgia 30082. [Doc. 1-1 at 2]. On or about January 28, 2002, Plaintiffs James B. Kynes and Che C. Kynes obtained a loan from National City Mortgage Company ("National City"), and, as security for the repayment of the loan, Plaintiffs executed a security deed. [Docs. 4-1, 4-2]. The security deed was recorded in Book 13488, Page 1514 of the Cobb County land records. [*See* Doc. 4-1]. MERS was not a party to the security deed. [*See id.*].

In 2012, PNC, which is successor by merger to National City, [Doc. 4-3], began foreclosure proceedings against Plaintiffs through its counsel, McCurdy. [Doc. 13-1 at 2-3]. A foreclosure sale was held on December 4, 2012. [Doc. 1-1 at 4].

On November 28, 2012, Plaintiffs, proceeding *pro se*, filed suit in the Superior Court of Cobb County, Georgia, against PNC, PNC Mortgage,[1] MERS, and McCurdy. [Doc. 1-1]. On December 31, 2012, PNC removed the action to this Court. [Doc. 1]. McCurdy and MERS consented to the removal. [Docs. 1-4, 5]. On January 7, 2013, McCurdy filed a motion to dismiss. [Doc. 4]. On January 14, 2013, MERS filed a

---

[1]      PNC states that there is no such entity as PNC Mortgage; rather, PNC Mortgage is an unincorporated division of PNC. [Doc. 1 at 7].

2

motion to dismiss.  [Doc. 10].  On January 22, PNC filed a motion to dismiss or, in the alternative, a motion for summary judgment.  [Doc. 13].  Plaintiffs did not respond to any of the motions.  [*See* Dkt].

## II.     Plaintiffs' Complaint

As it must when deciding a motion to dismiss, the Court accepts as true the well-pleaded facts set forth in Plaintiffs' complaint, [Doc. 1-1], and construes those facts in the light most favorable to Plaintiffs.  *See Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").  The Court, however, is not required to accept Plaintiffs' legal conclusions.   *See  Sinaltrainal  v.  Coca-Cola  Co.*,  578 F.3d  1252,  1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Nor will the Court "accept as true a legal conclusion couched as a factual allegation."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At the same time, a *pro se* complaint is liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' . . . , and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' ") (quoting *Estelle v. Gamble*,

3

429 U.S. 97, 106 (1976)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008); *see also Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (discussing that *pro se* filings are entitled to liberal construction). Nevertheless, a court is under no duty to "re-write"a *pro se* plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. Jan. 9, 2008) (holding that leniency in construing *pro se* pleadings "does not permit the district court to act as counsel for a party or to rewrite deficient pleadings") (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

As best as can be gleaned from their verified Superior Court complaint, Plaintiffs claim that they agreed to make monthly payments to National City, and National City agreed to inform Plaintiffs prior to the date of any change in monthly payment. [Doc. 1-1 at 6]. They then contend that National City did not assign its right to receive payment under the promissory note, nor did National City ever claim that Plaintiffs did not make payments under the note. [*Id.* at 6-7, 8]. While Plaintiffs acknowledge that in the security deed MERS was given the right of power of sale, they claim that the right was solely as nominee for National City and its successors and assigns, and complain that this instrument did not give MERS or any other entity the

4

right to receive payment on Plaintiffs' promissory note. [*Id.* at 7].[2] They further allege that they made or attempted to make all payments pursuant to the promissory note. [*Id.* at 9, 10]. Under Count II (Set Aside Foreclosure), Plaintiffs also allege that National City did not advise PNC that Plaintiffs failed to make payments under the note. [*Id.* at 10]. They also allege that PNC had no right to initiate a foreclosure sale. [*Id.*].

In Count II ("Wrongful Foreclosure Attempt"), Plaintiffs allege that "Defendants" failed to inform Plaintiffs of their rights to reinstate or to bring a court action pursuant to ¶ 22 of the security deed, and falsely and inadequately failed to advertise the foreclosure sale for four consecutive weeks. [Doc. 1-1 at 11].

In Count III (Breach of Covenant or Agreement), Plaintiffs allege, without detail, that PNC failed to honor the terms of the security deed, its actions failed to reflect fair dealing, and somehow failed to accelerate pursuant to ¶ 22 of the security deed, and that as a proximate cause of these breaches, Plaintiffs were in the process of being foreclosed upon. [Doc. 1-1 at 11-12]. In Count IV (Negligent Servicing), Plaintiffs

---

[2]     Plaintiff also allege that "[t]he non uniform covenants in security deed 1 and security deed 2 are materially different," [*id.* at 9], but that statement is unsupported by any allegations of fact or copies of the "security deed 1" and "security deed 2" which are referenced.

5

contend that PNC negligently serviced the loan by failing to keep and account for the loan records, the result of which damaged Plaintiffs.  [*Id.* at 13-14].

Next, in Count V (Fraud: Misrepresentation pursuant to O.C.G.A. § 23-2-52), Plaintiffs allege that "Defendants" misrepresented that they would not foreclose on Plaintiffs' property during the time they were being considered for a modification; PNC never communicated with National City; PNC knew that Plaintiffs had the right to reinstate after acceleration due to a default; and "Defendants" manipulated Plaintiffs into believing they were being considered for a mortgage modification up to the time PNC attempted to foreclose on the property, the result of which was Plaintiffs' loss of the right to reinstate.  [Doc. 1-1 at 14-17].

## III.    Motion to Dismiss Standard

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 8 of the Federal Rules of Civil Procedure, a pleading states a claim when it contains, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2).  To determine whether a complaint fails to state a claim, the Court must apply the standard announced by the Supreme Court in *Twombly*, described as follows:

6

[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Two working principles underlie [the] decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Iqbal*, 556 U.S. at 678-79 (alterations, citations, and internal quotation marks omitted).

Defendants' motions to dismiss depend on documents attached to the motions. (Plaintiffs did not attach any exhibits to their Superior Court complaint.) Generally, the Court must convert a motion to dismiss to a motion for summary judgment if it

7

considers materials outside of a complaint. *See* Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, the Court need not make this conversion when considering a document attached to a complaint or to a motion to dismiss if "the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Day*, 400 F.3d at 1276; *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997) ("Documents attached to and incorporated into the complaint were properly before the district court on a motion to dismiss."); *Clark v. Bibb Cnty. Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) ("A court evaluating a motion to dismiss for failure to state a claim upon which relief can be granted . . . may . . . consider any attachments to the complaint, matters of public record, orders, and items appearing in the record.").

Moreover, the reference of documents by incorporation doctrine also allows a court to consider documents not attached to the complaint, because " 'a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document' if that document is central to the plaintiff's claims." *Daewoo Motor America v. General Motors Corp.*, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006) (quoting *Day*, 400 F.3d at 1276); *see also  Financial Sec. Assurance,*

AO 72A
(Rev.8/8
2)

*Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284-85 (11th Cir. 2007) (holding that documents referenced by plaintiff in complaint that are central to claim may be considered if contents not in dispute and defendant attaches document to motion to dismiss); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (holding that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute") (citation omitted); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (referring to the incorporation by reference doctrine); *Ricketts v. Bank of America, N.A.*, Civil Action No. 1:12-CV-04034-RWS, 2013 WL 3191077, at *1 n.1 (N.D. Ga. June 21, 2013) ("The court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed, when considering a motion to dismiss. . . .  This does not convert the motion into one for summary judgment.") (citations omitted); *Crooked Creek Properties, Inc. v. Ensley*, No. 2:08-CV-1002, 2009 WL 3644835, at *8 (M.D. Ala. Oct. 28, 2009) ("[A]mple authority exists which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss") (quoting *In re Am. Corp. Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996)); *Clark v. Bibb Cnty. Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370

9

(M.D. Ga. 2001) ("A court evaluating a motion to dismiss for failure to state a claim upon which relief can be granted . . . may . . . consider any attachments to the complaint, matters of public record, orders, and items appearing in the record."). Thus, public records, such as recorded security deeds, are among the permissible facts that a district court may consider on a motion to dismiss, without converting the motion to one for summary judgment. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. Apr. 18, 2006) (quoting *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.")). Similarly, documents publicly filed with the Securities and Exchange Commission ("SEC") may be judicially noticed, *see Bryant*, 187 F.3d at 1276, as may newspaper publications, such as the notice of foreclosure sale, *Alliance Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (newspaper publications "serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true" and their publication  is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned."); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 n.15 (S.D.N.Y. 2003) ("The Court may take judicial notice

10

of newspaper articles for the fact of their publication without transforming the motion into one for summary judgment."). A document is "undisputed" when its authenticity is unchallenged. *Day*, 400 F.3d at 1276.

Here, certain documents attached to the motions to dismiss are central to Plaintiffs' claims and their authenticity is undisputed. For example, the security deed, [Docs. 4-1, 10-2], is discussed in Plaintiffs' complaint. [Doc. 1-1 at 7-8, ¶¶ 15-20]. Thus, the Court may consider that document without converting Rule 12(b)(6) motions to motions under Rule 56. Also, PNC's Form 10-K, [Doc. 4-3], is a public document required to be filed pursuant to the federal securities laws. 15 U.S.C. § 78(m); *see Nat'l City Golf Fin. v. Higher Ground Country Club Mgmt. Co.*, 06 Civ. 7784(GEL), 2008 WL 904728, at *8 n.8 (S.D.N.Y. Apr. 3, 2008) (considering a 10-K statement filed with the SEC on a motion for summary judgment). Therefore, the undersigned considers these documents in conjunction with McCurdy and MERS' motions to dismiss and does not convert these motions to motions for summary judgment. As for PNC's motion to dismiss or in the alternative for summary judgment, Plaintiffs were advised that they needed to respond in the time allowed by the local rules and Rule 56, [Doc. 15].

On the other hand, attached to the notice of removal is purported to be a secured

11

creditors claims list from Plaintiff James B. Kynes, Jr.'s bankruptcy petition, Case No. 1:11-bk-63364-MHM (Bankr. N.D. Ga.), [Doc. 1-3 at 2]. The Court does not take judicial notice of that document in considering the motions to dismiss. *See Brown v. Brock*, 169 Fed. Appx. 579, 582 (11th Cir. Mar. 3, 2006) (reversing failure to convert motion to dismiss in Title VII case to summary judgment, where district court judicially noticed Plaintiff's bankruptcy petition; courts may not take judicial notice of documents in separate judicial proceedings, the bankruptcy proceeding was not central to plaintiff's Title VII claim, and denying *pro se* plaintiff opportunity to supplement record was not harmless). *But see Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. Aug. 16, 2010) (holding district court may take judicial notice of public records, including prior court proceedings, without converting a motion to dismiss into a motion for summary judgment); *Hall v. Bank of Am.*, Civil Action No. 1:12-cv-3068-RWS, 2013 WL 1747916, at *3 (N.D. Ga. Apr. 22, 2013) (taking judicial notice of plaintiff's filing in bankruptcy that defendant was secured creditor; "He cannot now claim the opposite, especially without alleging which party is the secured creditor."). However, the Court can take notice of the bankruptcy document if it considers PNC's motion as one for summary judgment.

12

## IV.   Motion for Summary Judgment Standard

"Summary judgment is proper where 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.' " *Tana v. Dantanna's*, 611 F.3d 767, 772 (11th Cir. 2010) (quoting Fed. R. Civ. P. 56(c)). The movant carries the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

The nonmovant is then required "to go beyond the pleadings" and present competent evidence in the form of affidavits, depositions, admissions, and the like, designating "specific facts showing that there is a genuine issue for trial." *Celotex*,

13

477 U.S. at 324. "The mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* If the record does not blatantly contradict the nonmovant's version of events, the court must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *See Anderson*, 477 U.S. at 252; *see also EPL Inc. v. USA Fed. Credit Union*, 173 F.3d 1356, 1362 (11th Cir. 1999); *Duke v. Cleland*, 884 F. Supp. 511, 514 (N.D. Ga. 1995). If the record presents disputed issues of fact, the Court may not decide them; rather, it must deny the motion and proceed to trial. *FindWhat Inv. Grp.*, 658 F.3d at 1307 (citing *Tullius v. Albright*, 240 F.3d 1317, 1320 (11th Cir. 2001)).

When a court considers matters outside the pleadings, thereby converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, the court must notify the parties and give them ten days to submit "any relevant evidence and

AO 72A
(Rev.8/8
2)

arguments in support or opposition to the merits." *Starship Enters. of Atlanta, Inc. v. Coweta Cnty, Ga.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir.1997) (citation omitted)).  The ten-day requirement, however, is excused when the "parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given." *Id.* In this case, Plaintiffs were given notice as a result of PNC's motion in the alternative, and thus, the motion to dismiss may be treated, and resolved, as a motion for summary judgment.  [Doc. 15].

## III.    Discussion

As noted, Plaintiffs did not respond to any of the motions.  The Court first discusses Plaintiffs' failure to respond to Defendants' motions.  The Court then considers each motion in turn.

### A.    The Effect of Plaintiffs' Failure to Respond

Under this Court's Local Rules, "[f]ailure to file a response shall indicate that there is no opposition to the motion."  N.D. Ga. R. 7.1.B; *Welch v. Delta Airlines, Inc.*, 978 F. Supp. 1133, 1148 (N.D. Ga. 1997).  The Court, however, may in its discretion waive a Local Rule.  *Edwards v. Shalala*, 846 F. Supp. 997, 998 n.2 (N.D. Ga. 1994).

15

Additionally, courts in this Circuit generally do not grant a motion to dismiss based on a *pro se* plaintiff's failure to respond to the motion. *Daniel v. United States*, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (Hull, J.) (stating that a motion to dismiss for failure to state a claim cannot be granted on the basis that the plaintiff fails to respond); *Johnson v. Am. Meter Co.,* 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga. 2004) (Carnes, J.) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to motion to dismiss); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (recognizing that in the Eleventh Circuit, "there is a strong policy of determining cases on their merits").  As a result, the undersigned addresses the merits of Defendants' motions to dismiss despite Plaintiffs' failure to respond.

As for Plaintiffs' failure to respond to the motion for summary judgment, "both the Supreme Court and [the Eleventh Circuit] have concluded that . . . *pro se* status in civil litigation generally will not excuse mistakes . . . regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. Aug. 10, 2005) (citations omitted); *see also Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that liberal construction of the pleading requirements for *pro se* litigants does not equate with liberal construction of court deadlines).  At the same time, the Eleventh Circuit also has instructed district courts to review a motion for summary judgment and

16

supporting documents to determine whether genuine issues of material fact exist despite a party's failure to respond.  *See Trs. of the Cent. Pension Fund of the Int'l Union of Operating Eng's and Participating Employers v. Wolf Crane Serv., Inc*., 374 F.3d 1035, 1039-40 (11th Cir. 2004); *United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004).  Thus, with regard to a motion for summary judgment, the Court first must determine whether the movant has shown the absence of any genuine issue of material fact, and the Court must satisfy itself that the burden has been satisfactorily discharged.  *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).  Then, and only then, may the Court consider the adequacy of the non-movant's response.  *Id.*

Further, "the Eleventh Circuit has a vigorous policy of resolving issues on the merits and not on procedural technicalities."  *Washington v. Astrue*, 558 F. Supp. 2d 1287, 1297 (N.D. Ga. 2008) (quoting *U.S. ex rel. Butler v. Magellan Health Servs., Inc.*, 74 F. Supp. 2d 1201, 1214 (M.D. Fla. 1999)).  Moreover, waiving a local rule is appropriate where enforcing the rule may result in a dismissal or default.  *See, e.g., Rex v. Monaco Coach*, 155 Fed. Appx. 485, 486 (11th Cir. Nov. 21, 2005) ("[A] dismissal . . . for failure to comply with local rules is a drastic sanction, [and] may be used only as a last resort, when " '(1) a party engages in a clear pattern of delay or

17

willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.' " (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)).

As a result, the Court will ignore Plaintiffs' failures to respond and independently determine whether, based on the materials on file with the Court, Defendants have satisfied their respective burdens under the Federal Rules of Civil Procedure.

### B. PNC's Motion to Dismiss or Alternatively for Summary Judgment, [Doc. 13]

The Court begins with PNC's motion in the alternative. Where PNC attached affidavits or documents not referenced in the complaint, the Court treats the motion as one for summary judgment. Plaintiffs have been provided the appropriate notice. [*See* Doc. 15]. Plaintiffs have not marshaled their available evidence in response. [*See* Dkt.].

In its motion, PNC argues that Plaintiffs' claim that PNC did not have the right to foreclose fails as a matter of law because PNC is the successor by merger to National City. [Doc. 13-1 at 5]. It contends that Plaintiffs' claim for wrongful foreclosure also fails as a matter of law because Plaintiffs' allegations in support of such a claim lack substance. [*Id.* at 7-12]. It asserts that the breach of contract claim count fails because

18

it is predicated on one of the same allegations as the wrongful foreclosure claim. [*Id.* at 13]. PNC argues that the claim of negligent servicing fails because there is no confidential relationship between it and Plaintiffs. [*Id.* at 13-14]. It further argues that the claim of fraud fails because Plaintiffs failed to provide details of the alleged fraud and cannot show any reliance on a misrepresentation. [*Id.* at 14-17]. Finally, PNC contends that the complaint does not state claims under TILA (the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*), RESPA (the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*), and the FCRA (the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*). [*Id.* at 18].

### 1. The Right to Foreclose

Plaintiffs contended in their verified complaint that they signed a promissory note with National City, which never assigned the note to another entity or individual, and that therefore PNC had no right to foreclose. [Doc. 1-1 at 9-10]. PNC, however, shows that it is the successor by merger to National City. [Doc. 4-3]. Moreover, Plaintiffs have conceded in bankruptcy court filings that PNC is the secured lender. [Doc. 13-1 at 23].

A verified complaint can be construed as an opposing affidavit sufficient to raise on summary judgment a question of fact for the factfinder. *Sammons v. Taylor*,

967 F.2d 1533, 1544 n.5 (11th Cir. 1992); *see also Davis v. Zahradnick*, 600 F.2d 458, 459-60 (4th Cir. 1979) (holding that the factual allegations contained in a verified complaint establish a prima facie case under 42 U.S.C. § 1983, so as to preclude summary judgment). *Accord Williams v. Adams*, 935 F.2d 960, 961-62 (8th Cir. 1991); *Conaway v. Smith*, 853 F.2d 789, 792-93 (10th Cir. 1988); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935, 945-46 (6th Cir. 1985). However, as noted above, on summary judgment, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. Here, the record blatantly contradicts Plaintiffs' generalized verified complaint. *See, cf., Kinsey v. MLH Financial Services, Inc.*, 509 Fed. Appx. 852, 853 (11th Cir. Feb. 14, 2013) ("When exhibits attached to a complaint contradict a plaintiff's general and conclusory allegations, the exhibits govern despite a court's duty to accept a plaintiff's allegations as true.") (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007)). The record undisputedly establishes that PNC was the successor-in-interest to National City, and in any event, Plaintiffs are not allowed to deny in this

20

proceeding that PNC is their secured creditor when the contrary claim was made by them in their bankruptcy case. *Hall*, 2013 WL 1747916, at *3. Thus, the Court concludes that Plaintiffs' claim that PNC did not have the right to foreclose fails for these reasons and **RECOMMENDS** that this claim against PNC be **DISMISSED**.

### 2.   Wrongful Foreclosure

Plaintiffs arguably bring two claims for purported wrongful foreclosure, one for actual wrongful foreclosure and one for attempted wrongful foreclosure. As noted, however, a foreclosure sale was held on December 4, 2012; therefore, the Court does not interpret this claim as one for "attempted wrongful foreclosure." To state a claim for wrongful foreclosure under Georgia law, a plaintiff must establish "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Nicholson v. OneWest Bank*, No. 1:10-cv-795-JEC-AJB, 2010 WL 2732325, at *3 (N.D. Ga. Apr. 20, 2010) (R&R), *adopted at* 2010 WL 2732329 (N.D. Ga. Jun 7, 2010); *see also Gregorakos v. Wells Fargo Nat'l Ass'n*, 285 Ga. App. 744, 747-48, 647 S.E.2d 289, 292 (2007) (citing *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004)). Here, Plaintiffs have not established these necessary elements. As for the duty owed Plaintiffs by PNC, "[w]hen a power of sale [in a

21

security deed] is exercised all that is required of the foreclosing party is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith." *Ceasar v. Wells Fargo Bank, N.A.*, No. A13A0019, 2013 WL 2501771, at *3 (Ga. App. June 12, 2013) (quoting *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327, 330, 270 S.E.2d 867, 871 (1980) (citations and punctuation omitted)).

The security deed allowed PNC as the successor-in-interest to National City to foreclose upon default by Plaintiffs. [Doc. 4-1 at 8]. The undisputed evidence is that Plaintiffs were in default. Although Plaintiffs allege in their verified complaint that they "made or *attempted to make* all payment under the promissory note," [Doc. 1-1 at 10 (emphasis supplied)], the record belies that fact. First, Plaintiffs acknowledged in the bankruptcy filing that they were $5,000 in arrears in 2011. [Doc. 13-1 at 25]. Second, the record establishes that Plaintiffs have been in uncured default on their loan since 2011. [Docs. 13-2 at 2, ¶ 4, 13-4 at 2-13].[3]

Third, the record likewise is undisputed that the notice of foreclosure was advertised properly in conformity with Georgia law and the security

_____

[3]     Although the loan history, [Doc. 13-4], is far from a model of clarity and transparency, it also has not been challenged by Plaintiffs despite an invitation to do so. [*See* Doc. 15].

22

deed.  [Doc. 13-3 at 1-2, 52].

Fourth, the foreclosure sale was conducted pursuant to the terms of the security deed, and was conducted in good faith, PNC being the highest bidder for the sum of $154,021.57.  [*Id.* at 55].  Thus, there is no genuine issue of material fact as to whether PNC breached any duty owed to Plaintiffs.

In addition, as noted, the record establishes that Plaintiffs were in default on their mortgage as a result of non-payment.  [Docs. 13-1 at 25, 19 at 3].  Failure to make the proper loan payments defeats a wrongful foreclosure claim.  *See Warque v. Taylor, Bean, & Whitaker Mortg. Corp.*, Civil Action No. 1:09-CV-1906-ODE-CCH, 2010 U.S. Dist. LEXIS 142129, at *14-15 (N.D. Ga. July 30, 2010) (Hagy, M.J.) (finding causation not established where plaintiff had failed to make payments on loan (citing *Heritage Creek Dev. Corp.*, 268 Ga. App. at 370-71, 601 S.E.2d at 845 (finding that plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale)), *adopted at* 2010 U.S. Dist. LEXIS 1421119 (N.D. Ga. Aug. 18, 2010) (Evans, J.); *Taylor v. Wachovia Mortg. Corp.*, No. 1:07-cv-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009) (Thrash, J., adopting Vineyard, M.J.) ("Plaintiff has not

23

provided any evidence showing that he tendered the full amount of the loan or any portion thereof. Thus, under Georgia law, plaintiff has no standing to bring an action to enjoin the foreclosure sale.").

As a result, Plaintiffs have not stated a claim for wrongful foreclosure. For these reasons, Plaintiffs' claims of wrongful foreclosure/attempted wrongful foreclosure fail. In the event the District Court disagrees with this conclusion, the Court will address PNC's additional reasons why any wrongful foreclosure claims fail.

First, PNC argues that Plaintiffs' allegation that there was a violation of ¶ 22 of the security deed is without merit. [Doc. 13-1 at 8-9]. Although Plaintiffs contend that the language of ¶ 22 requires that they be informed of their right to reinstate or the right to bring a court action, the section of the security deed to which Plaintiffs refer does not address foreclosure. [Doc. 4-1 at 8]. Instead, ¶ 18 addresses the foreclosure procedure, and it requires notice in accordance with state law and ¶ 13. [*Id.*]. Neither provision requires advising the borrower of the right to reinstate or to bring a court action. On the other hand, ¶ 10 of the security deed addresses a right to reinstatement. " 'A security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto.' " *Gordon v. South Central Farm Credit*, 213 Ga. App. 816, 817, 446 S.E.2d 514 (1994). The terms of ¶ 10 permit

24

reinstatement if the borrower tendered in lump sum all amounts required to bring the account current. PNC notes that Plaintiffs do not allege a tender and have not made any tender to the Court of a cure amount. [Doc. 13-1 at 9-10].[4] As to a violation of ¶ 22, therefore, Plaintiffs have not stated a claim upon which relief can be granted.

Second, PNC argues, and the Court has found, *supra* at 22, that Plaintiffs are incorrect in alleging that PNC failed to advertise for four consecutive weeks. [Doc. 13-3 at 52]. Further, the Court concludes that, to the extent that Plaintiffs are raising a claim of false advertising or violation of O.C.G.A. § 44-14-162 (which addresses sales under powers conducted as sheriff's sales and information on advertisements), Plaintiffs have not stated a claim upon which relief can be granted. Even assuming that Plaintiffs adequately pleaded such a claim, *but see Iqbal*, 556 U.S. at 663 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"), conclusory statements are insufficient to survive summary judgment. *Smith v. BP Am., Inc.*, No. 12-12031, 2013 WL 3368825, at *5 (11th Cir. July 5, 2013) (citing *Cooper v. Southern Co.*, 390 F.3d 695, 745 (11th Cir. 2004) (holding that summary judgment was appropriate

---

[4]     PNC adds that if Plaintiffs are willing to pay the reinstatement amount, PNC would be willing to rescind the foreclosure sale, since it has not resold the property. [Doc. 13-1 at 10].

AO 72A
(Rev.8/8
2)

where the plaintiff relied on conclusory assertions that were based entirely on her own subjective beliefs)).  Plaintiffs state merely that "[t]he Defendants falsely advertised" the sale of the property, and they do not provide any further support.  To the extent that Plaintiffs intend to link this claim to their wrongful foreclosure claim, that claim fails, as the Court has already explained, because Plaintiffs have not established the necessary elements of such a claim.

Thus, the Court concludes that Plaintiffs' claim for wrongful foreclosure/wrongful attempted foreclosure, and any claim they intend to bring related to false advertising or failure to advertise, fails.  The undersigned **RECOMMENDS** that the claim for wrongful foreclosure against PNC be **DISMISSED**.

### 3.    Breach of Contract

Plaintiffs allege that PNC failed to honor the terms of the security deed and that it breached the terms of the security deed "by failing to accelerate pursuant to paragraph 22 of the non-uniform covenant," presumably, the security deed.  [Doc. 1-1 at 12].   PNC argues that this claim fails for the same reason that the wrongful foreclosure claim, predicated on ¶ 22, fails.  As discussed, the section of the security deed to which Plaintiffs refer does not address foreclosure.  [Doc. 4-1 at 8].  The Court concludes that PNC is entitled to summary judgment on this claim.  The undersigned

26

**RECOMMENDS** that  the claim for breach of contract be **DISMISSED**.

### 4.      Negligent Servicing

Plaintiffs allege that PNC owed them a duty and negligently serviced the loan in breach of that duty. [Doc. 1-1 at 13].  PNC argues that it owed Plaintiffs no duty imposed by law and that the claim should be dismissed.  [Doc. 13-1 at 13-14].

To state a cause of action for negligence under Georgia law, a plaintiff must establish four elements:

> (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the duty.

*Bradley Ctr., Inc. v. Wessner*, 250 Ga. 199, 200, 296 S.E.2d 693 (1982); *see also McMann v. Mockler*, 233 Ga.App. 279, 280, 503 S.E.2d 894 (1998).  " 'It is well settled that mere failure to perform a contract does not constitute a tort.  A plaintiff in a breach of contract case has a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law.' " *Adams v. JPMorgan Chase Bank*, No. 1:10-cv-04226-RWS, 2011 WL 2532925, at *4 (N.D. Ga. June 24, 2011) (quoting *Guarantee Ins. Co. v. Merchs. Emp'r Benefits*, No. 5:07-CV-307

27

AO 72A
(Rev.8/8
2)

(CAR), 2010 WL 3937325, at *8-9 (M.D. Ga. Sept. 30, 2010) (quoting *Servicemaster Co. v. Martin*, 252 Ga. App. 751, 754, 556 S.E.2d 517, 521 (2001))). Additionally, "a court should not find a 'confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests.' " *Id.* (citing *Russell v. Barnett Banks, Inc.*, 241 Ga. App. 672, 673-74, 527 S.E.2d 25, 26-27 (1999)). Further, "[t]here is no confidential relationship between a bank and its customers merely because the customer had advised with, relied upon, and trusted the bankers in the past." *Russell*, 241 Ga. App. at 672, 527 S.E.2d at 26-27.

Here, the Court concludes that Plaintiffs have not established the elements necessary for a negligence claim. Therefore, the undersigned **RECOMMENDS** that the claim for negligent servicing be **DISMISSED**.

### 5.    Fraud

Plaintiffs allege fraud generally by "Defendants." Under Georgia law, fraud may be actual or constructive. O.C.G.A. § 23-2-51. To make a claim for actual fraud, plaintiffs must prove the following five elements: (1) a false representation made by the defendant; (2) the defendant's scienter (*i.e.*, the intent to deceive); (3) the defendant's intent to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) the plaintiff's justifiable reliance upon the representation; and (5) the

28

plaintiff's damages directly and proximately caused by the reliance. *Harrouk v. Fierman*, 291 Ga. App. 818, 822, 662 S.E.2d 892, 895 (2008) (citations omitted). On the other hand, "[c]onstructive fraud exists where defendant acted, or failed to act, 'contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another.' " *Garbutt v. Southern Clays, Inc.*, 894 F. Supp. 456, 461 (M.D. Ga. 1995) (quoting *Macon-Bibb County Hosp. Auth. v. Georgia Kaolin Co.*, 646 F. Supp. 90, 93 (M.D. Ga. 1986), *aff'd*, 817 F.2d 98 (11th Cir. 1987) (*per curiam*) (quoting O.C.G.A. § 23-2-51(b)). More specifically:

> [T]he essential difference between actual (whether through positive misrepresentation or nondisclosure of a material fact) and constructive fraud is the intent element. In the former, plaintiff must prove intent to succeed; in the latter there is the presumption of fraud, without the showing of intent, because of the relation between the parties.

*Id.* (citation omitted). Additionally, "[m]isrepresentation of a material fact, made willfully to deceive or recklessly without knowledge and acted on by the opposite party or made innocently and mistakenly and acted on by the opposite party, constitutes legal fraud." O.C.G.A. § 23-2-52.

Rule 9(b) of the Federal Rules of Civil Procedure requires that when fraud is alleged, "a party must state with particularity the circumstances constituting fraud,"

Fed. R. Civ. P. 9(b), and therefore claims of fraud are an exception to the notice-pleading requirements that generally apply to federal civil claims. The Eleventh Circuit has noted that "[p]articularity means that 'a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them.' " *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002)); *see also Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

Here, Plaintiffs have not satisfactorily pleaded the elements of a fraud claim under Georgia law. Plaintiff allege generally, for example, that "defendants" represented that they "would not foreclose on the property during the time they [Plaintiffs] were being considered for a modification," [Doc. 1-1 at 15], and that "Plaintiff[s] relied on Defendants' misrepresentation to their detriment," [*id.* at 17]. However, there are no details regarding the time or place of the fraud, nor are there details of PNC's allegedly fraudulent acts. [*See* Doc. 1-1 at 14-17].

As a result, Plaintiffs' claim of fraud fails because they have not satisfactorily pleaded the elements of a fraud claim under Georgia law and because there are no

AO 72A
(Rev.8/8
2)

details, as required by Rule 9(b).  Therefore, the undersigned **RECOMMENDS** that

the claim for fraud against PNC be **DISMISSED**.

### 6.    TILA, RESPA, & FCRA

Plaintiffs' complaint contain passing references to TILA, RESPA, and the

FCRA.  [*See e.g.*, Doc. 1-1 at 45].  PNC, however, contends that the complaint does not

state claims under TILA, RESPA, or FCRA, nor does it explain what violations have

occurred.  The Court concludes that Plaintiffs have not stated a claim upon which relief

can be granted in relation to these statutes–indeed, Plaintiffs have only mentioned them

in a cursory manner.  Therefore, the undersigned **RECOMMENDS** that any claims

Plaintiffs have intended to bring under TILA, RESPA, or the FCRA be **DISMISSED**.

The undersigned further **RECOMMENDS** that PNC's motion to dismiss or in

the alternative motion for summary judgment, [Doc. 13], be **GRANTED**, and that

Plaintiffs' complaint against PNC be dismissed.    To the extent that this

recommendation is based on Plaintiffs' failure to adequately plead a cause of action,

the Court **RECOMMENDS** that said dismissal be **WITH PREJUDICE**, since

Plaintiffs chose not to respond to PNC's motion despite being advised by the Clerk of

their opportunity to do so, *Jemison v. Mitchell*, 380 Fed. Appx. 904, 906 (11th Cir.

May 27, 2010) ("Dismissal with prejudice is proper, however, if the *pro se* plaintiff has

31

indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim."), and the Court is unaware of how a more carefully drafted complaint could state a non-frivolous claim.

### C.    McCurdy's Motion to Dismiss, [Doc. 4]

McCurdy argues that if Plaintiffs are alleging wrongful foreclosure, this claim fails because they have not alleged the elements of such a claim or facts to show how those elements are met.  [Doc. 4 at 3-4].  It contends that Plaintiffs' fraud claim has not been pleaded with particularity, as required by Federal Rule of Civil Procedure 9(b).  [*Id.* at 4].  It asserts that to the extent that Plaintiffs raise a claim based on a split of the security deed and the note, such a claim fails.  [*Id.* at 5-8].  It argues that law firms, such as itself, that are merely hired to conduct a foreclosure do not have separate liability.  [*Id.* at 8-9].  Finally, it asserts that the complaint should be dismissed because it is a "shotgun" complaint.  [*Id.* at 9-10].

### 1.    Wrongful Foreclosure

Plaintiffs' wrongful foreclosure/attempted wrongful foreclosure claims against McCurdy fail for many of the same reasons discussed in relation to PNC's motion, even if PNC's motion was treated as for summary judgment, and McCurdy's motion is a Rule 12(b)(6) motion to dismiss and the Court did not go beyond the pleadings and any

32

documents properly incorporated by reference.  First, Plaintiffs have not established the necessary elements of a wrongful foreclosure/attempted wrongful foreclosure claim, nor have they alleged facts that would support such a claim against McCurdy.  [*See* Doc. 1-1 at 10-11; *see generally* Doc. 1-1].  Each of Plaintiffs's allegations of fact in their complaint, even if directed at McCurdy, are conclusory.  Moreover, to the extent that Plaintiffs have asserted facts sufficient to satisfy the requirements of Rule 8, the allegations are belied by documents which the Court may incorporate by reference without converting the motion to dismiss in to one for summary judgment, *i.e.*, the security deed and the foreclosure notice publications.

For these reasons, the undersigned **RECOMMENDS** that the claim for wrongful foreclosure against McCurdy be **DISMISSED**.

### 2.    Fraud

As noted, Plaintiffs allege fraud generally on the part of "Defendants."  For the reasons stated in Section III.B.5 *supra*, Plaintiffs have not satisfactorily pleaded the elements of a fraud claim under Georgia law in that there are no details regarding the time or place of the fraud, nor are there details of McCurdy's allegedly fraudulent acts.  [*See* Doc. 1-1 at 14-17].

For these reasons, the undersigned **RECOMMENDS** that the claim for fraud

33

against McCurdy be **DISMISSED**.

### 3.      Splitting of the Note and Deed

It is unclear whether Plaintiffs are making a claim that involves the concept of the splitting of the note and the deed, although they do include facts that refer to failure by "Defendants" to "produce an authenticated instrument, contract or rightful possession of an instrument, which established ownership prior to the December 4, 2012 foreclosure sale date." [Doc. 1-1 at 4].  Because McCurdy has raised the issue, the Court will address it.  Notably, since the time that McCurdy's motion was filed, the Georgia Supreme Court has clarified that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."  *You v. JP Morgan Chase Bank*, --- Ga. ----, ----, 743 S.E.2d 428, 433 (Ga. 2013).  Therefore, to the extent that Plaintiffs may be relying on the theory that foreclosure is not authorized when the foreclosing party holds only the security deed to the subject property and not the note, such a claim fails.  The undersigned **RECOMMENDS** that any claim against McCurdy based on such a theory should be **DISMISSED**.

34

### 4.      Liability of Law Firms Conducting Foreclosures

McCurdy cites Georgia case law for the proposition that its "merely" being hired by PNC as the law firm conducting the foreclosure cannot support a claim against it. [*Id.* at 8-9].   It asserts that Plaintiffs have not indicated what it did or failed to do that caused damages to them; it also observes that it is not mentioned by name in the complaint anywhere except in the caption.   [Doc. 4 at 9].

To the extent that McCurdy is arguing that a law firm in its position could never be liable for its actions in the conducting of a foreclosure, the undersigned disagrees.   *Cf. McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 130, 543 S.E.2d 755, 756-57 (2000).   However, in the context of Plaintiffs' complaint, McCurdy is correct that Plaintiffs have not indicated what it did or failed to do that caused damages to them.   The Court concludes that Plaintiffs' complaint fails to state any claims against McCurdy under the notice pleading standard as interpreted by the Supreme Court in *Iqbal* and *Twombly*. As McCurdy notes, Plaintiffs only refers to McCurdy once in the entire complaint by listing McCurdy as a Defendant in the caption of the complaint.   Otherwise, the complaint contains no specific factual allegations as to McCurdy's role in this case.   [*See generally* Doc. 1- 1].   Such a pleading technique in which no factual allegations are made specifically against McCurdy is the type of

35

"unadorned, the-defendant-unlawfully-harmed-me accusation" and "naked assertion [ ] devoid of further factual enhancement" condemned by the Supreme Court. *See Iqbal*, 556 U.S. at 678. As a result, the undersigned concludes that Plaintiffs' reference to McCurdy in the caption of the complaint and general allegation of being harmed by all Defendants does not state a claim against McCurdy. *See Mazuch v. Rosier*, No. 3:08-cv-18, 2008 WL 4844730, at *7 (S.D. Ga. Nov.7, 2008) (finding that plaintiff failed to state a claim where he only referred to defendant in the caption of the complaint); *Walker v. Sun Trust Bank of Thomasville, Ga.*, No. 7:07-cv-173, 2008 WL 4004714, at *3 (M.D. Ga. Aug.26, 2008) (dismissing defendants when they were only mentioned in the caption because complaint did not meet the Fed. R. Civ. P. 8(a)(2) pleading requirements); *Johnson v. Fla. Dep't of Law Enforcement*, No. 2:07-cv-57, 2008 WL 3927241, at *3 (M.D. Fla. Aug.21, 2008); *Wilder v. Wallen*, No. 1:06-cv-103, 2007 WL 120162, at *1 (S.D. Ga. Jan.11, 2007) ("Plaintiff does not state a valid claim by simply naming [the defendant], as a Defendant in the caption of his complaint and then making no further mention of this Defendant."); *see also Kadar Corp. v. Milbury*, 549 F.2d 230, 232 (1st Cir. 1977) (affirming dismissal where individual was named only in caption of complaint because status as intended defendant was "so nebulous as plainly to warrant dismissal"); *Potter*

36

*v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *Randolph v. Cooper Indus.*, 879 F. Supp. 518, 523-24 (W.D. Pa. 1994) (finding *pro se* plaintiff failed to state a claim against defendant who was only mentioned in caption of complaint).

As a result, McCurdy's motion to dismiss should be granted.

### 5.   Shotgun Pleadings

McCurdy argues that because Plaintiffs have presented a shotgun complaint, in which they repeatedly refer to the conduct of "Defendants" without specifying which facts or counts apply to which Defendant, the complaint deserves dismissal. [Doc. 4 at 9-10].

In fashioning the Federal Rules of Civil Procedure, the drafters:

> assumed that complaints would be drafted as clearly and definitively as possible, so that the defendant could understand the cause(s) of action the plaintiff was asserting and frame a responsive pleading, and the district court, having a clear and definitive response before it, could recognize the parties' claims and defenses, identify the issues of fact to be litigated, and proceed to a just result.

37

*Davis v. Coca Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). A lawsuit brought with a shotgun pleading "confounds these assumptions." *Id.* A shotgun pleading is one "that incorporate[s] every antecedent allegation by reference into each subsequent claim for relief." *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleadings for years. *Davis*, 516 F.3d at 979. These types of pleadings "wreak havoc on the judicial system." *Wagner*, 464 F.3d at 1279 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001)). The Eleventh Circuit has rather forcefully had this to say about shotgun pleadings:

> The unacceptable consequences of shotgun pleading are many. First, and perhaps foremost, shotgun pleading inexorably broadens the scope of discovery, much of which may be unnecessary. . . .
> . . .
>
> Second, in addition to delaying a just disposition of the case at the undue expense of one or both of the parties, shotgun pleadings, if tolerated by the court, lessen the time and resources the court has available to reach and dispose of the cases and litigants waiting to be heard. . . .
>
> Third, shotgun pleadings wreak havoc on appellate court dockets. . . .
>
> Fourth, the mischief shotgun pleadings causes undermines the public's respect for the courts-the ability of the courts to process efficiently, economically, and fairly the business placed before them. . . .

*Davis*, 516 F.3d at 981-82. As a result, "[w]hen faced with a shotgun pleading, the trial

court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader."  *Wagner*, 464 F.3d at 1279; *see also Davis*, 516 F.3d at 983-84.  In other words, the Eleventh Circuit has cautioned District Courts against simply dismissing shotgun complaints filed by *pro se* plaintiffs in the absence of an order to replead.  To the extent that McCurdy's motion to dismiss relies on the grounds that the complaint is a shotgun pleading, such grounds alone do not support dismissal.

Even so, McCurdy's other arguments in favor of dismissal of the claims that appear to be raised against it are well-taken, and so the undersigned **RECOMMENDS** that McCurdy's motion to dismiss, [Doc. 4], be **GRANTED**.  Because Plaintiffs asserted absolutely no facts against McCurdy in their complaint, the complaint was not brought in good faith.  Accordingly, the undersigned **RECOMMENDS** that any dismissal be **WITH PREJUDICE**.  Even construing Plaintiffs' complaint liberally, the Court does not perceive that Plaintiffs could assert a non-futile federal claim based on the allegations contained in the initial complaint.  *See Day v. Fed. Bureau of Prisons*, 233 Fed. Appx. 132, 135 (3d Cir. Apr. 30, 2007) (affirming dismissal without leave to amend where court could not "conceive of any viable federal claim that [*pro se* plaintiff] could have brought on the facts alleged"); *see also Ahmed v. Peralta Community College Dist.*, No. C 02-5532 MJJ, 2003 WL 1344636, at *6 (N.D. Cal.

Mar. 4, 2003) (concluding that since "no opportunity to amend can remedy the deficiencies in plaintiff's complaint because the fatal flaw lies in the substantive inapplicability of federal law," granting leave to amend would be futile because there is no way in which plaintiff may resurrect claims under federal subject matter jurisdiction and plaintiff's only remedy lies under state law); *Brown v. Univ. Heights Mgmt. Co.*, No. 93 Civ. 4588 (PKL), 1994 WL 582914, at *1 (S.D.N.Y. Oct. 20, 1994) (adopting R&R that recommended entire complaint be dismissed as to all defendants, without leave to amend, because complaint was "utterly devoid of facts supporting diversity jurisdiction or federal claims which would give this Court subject matter jurisdiction").

### D.     MERS' Motion to Dismiss, [Doc. 10]

MERS contends that a review of the security deed shows that MERS was not a party to the security deed; it did not serve as grantee as nominee for National City, nor did it have any involvement with Plaintiffs' loan, the property at issue, or the foreclosure.  [Doc. 10-1 at 2, 4-5].  MERS also argues that even if Plaintiffs were correct that it was the grantee, as nominee for their initial lender, they have failed to allege that MERS had any involvement with the foreclosure or the alleged failure to permit them to reinstate their mortgage. [*Id.* at 2, 5].  MERS notes that identical form

complaints have been filed in other Georgia courts, suggesting that Plaintiffs have relied upon a form complaint, and offering a possible explanation as to why Plaintiffs would name MERS a defendant when it was not involved in the matter. [*Id.* at 2 n.1].

The Court, having reviewed the security deed and other materials submitted by the parties, concludes that MERS was not a party to the security deed and has incorrectly been named a defendant. Moreover, Plaintiffs have not alleged any wrongdoing by MERS. [*See generally* Doc. 1-1]. Therefore, the undersigned **RECOMMENDS** that MERS' motion to dismiss, [Doc. 10], be **GRANTED**. For the reasons stated with regard to an opportunity to amend as to McCurdy, the undersigned also **RECOMMENDS** that Plaintiffs not be granted leave to amend, and that dismissal be **WITH PREJUDICE**.

## IV.   Conclusion

For the reasons herein, the undersigned **RECOMMENDS** that the motions to dismiss by Defendants McCurdy, [Doc. 4], and MERS, [Doc. 10], and the motion to dismiss or, in the alternative, motion for summary judgment, by PNC Bank, N.A. ("PNC"), [Doc. 13], be **GRANTED** and that Plaintiffs' complaint **BE DISMISSED**

41

**WITH PREJUDICE**.[5]

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 25th day of July, 2013.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[5]     To the extent that the Court has relied on any grounds not asserted by Defendants in recommending dismissal of Plaintiffs' claims and complaint, a "district court can only dismiss an action on its own motion as long as the procedure employed is fair.  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).  This Report and Recommendation ("R&R") provides such notice and opportunity to respond.  *Cf. Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the sua sponte   granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (Martin, J., adopting Baverman, M.J.) (noting that R&R served as notice that claims would be *sua sponte* dismissed under Rule 4(m)).  This R&R **SERVES** as that **NOTICE** for Plaintiffs to respond.

42